UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATAI NASOULUCK,

        Petitioner,                               Case No. 15-cv-14051

v.                                             Hon. Matthew F. Leitman

JODI DeANGELO-KIPP,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR EQUITABLE TOLLING (ECF #2), AND DISMISSING WRIT OF HABEAS CORPUS (ECF #1), AND DENYING A CERTIFICATE OF APPEALABILITY

## INTRODUCTION

Petitioner Katai Nasouluck ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) Petitioner challenges his plea-based convictions for armed robbery, M.C.L. § 750.529, and possession of a firearm during the commission of a felony (felony firearm), M.C.L. § 750.227b, on the basis that he should be permitted to withdraw his guilty plea. Also pending before the Court is Petitioner's Motion for Equitable Tolling of the statute of limitations, which expired before Petitioner filed his Petition (the "Motion for Equitable Tolling"). (*See* ECF #2.) Respondent Jodi DeAngelo-Kipp ("Respondent") opposes the Motion for Equitable Tolling. (*See* ECF #12.) Having reviewed the Petition, the Motion for Equitable Tolling, Response in Opposition to

Petitioner's Motion for Equitable Tolling, and the state-court record, the Court concludes that equitable tolling of the limitations period is not warranted. Accordingly, the Court will deny Petitioner's Motion and dismiss his Petition as untimely.

## ESSENTIAL FACTUAL BACKGROUND

On November 29, 2005, Petitioner pleaded guilty in Macomb County Circuit Court to armed robbery, M.C.L. § 750.529, and felony firearm, M.C.L. § 750.227b. In return, the prosecutor agreed to dismiss a third count charging Petitioner with being a felon in possession of a firearm. On January 10, 2006, the trial court sentenced Petitioner as a habitual offender, second offense, to imprisonment for 124 months to thirty years in prison for the armed-robbery conviction and to a consecutive term of two years in prison for the felony-firearm conviction. (*See* Sentencing Tr., ECF #13-2 at 9-10, Pg. ID 110-11.) On January 13, 2006, the judgment of sentence was signed.

Petitioner did not appeal his convictions or sentence. Years later, on October 25, 2011, Petitioner filed a motion for relief from judgment in state court. He argued that he was entitled to withdraw his guilty plea because: (1) the trial court failed to (a) adequately inquire into his understanding of the proceedings and (b) appoint an interpreter at the plea; (2) he did not understand the proceedings due to the language barrier and the lack of an interpreter at the plea proceeding; and (3) his plea attorney promised him an illusory plea bargain. (*See* Mot. for Relief from J., ECF #13-3 at 2-3, Pg. ID 114-15.) The trial court denied Petitioner's motion on the basis that

Petitioner did not show good cause for failing to raise the issues on appeal and actual prejudice from the alleged irregularities. (*See* ECF #13-4 at 1, Pg. ID 146.)

Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals denied leave to appeal pursuant to Michigan Court Rule 6.508(D)(3)(a) and (b). The Court of Appeals stated that Petitioner had "failed to establish good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged." (*See People v. Nasouluck*, No. 323114 (Mich. Ct. App., Oct. 28, 2014), ECF #13-5 at 1, Pg. ID 147.) On July 28, 2015, the Michigan Supreme Court also denied leave to appeal because Petitioner failed to establish that he was entitled to relief under Michigan Court Rule 6.508(D). *See People v. Nasouluck*, 498 Mich. 865; 866 N.W.2d 417 (2015).

On October 26, 2015, Petitioner signed and dated his Petition, and on November 13, 2015, the Clerk of the Court filed the Petition. As grounds for relief, Petitioner asserts the same three claims that he raised in his motion for relief from judgment in state court: that he is entitled to withdraw his guilty plea because (1) the trial court failed to adequately inquire into his understanding of the plea proceeding and failed to appoint an interpreter, (2) he did not understand the plea proceeding due to the language barrier and lack of an interpreter, and (3) trial counsel promised him an illusory plea bargain.

In his Motion for Equitable Tolling, Petitioner acknowledges that his Petition is untimely. He nevertheless asks the Court to equitably toll the limitations period and to allow him to proceed with his Petition. Petitioner has supported the motion with an affidavit that contains only a single, conclusory statement concerning why he did not timely file the Petition: "My mental disorder, lack of comprehension of the English language, and lack of knowledge in dealing with the judicial system, hindered my full understanding of the filing dates and deadlines when it came to my legal rights." (Petitioner's Aff., ECF #2 at 10, Pg. ID 50.)

Respondent urges the Court to deny Petitioner's Motion for Equitable Tolling and to dismiss the Petition.

## ANALYSIS

**A.     The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies here because Petitioner filed the Petition after AEDPA became effective in 1996. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). AEDPA established a one-year period of limitation for state prisoners to file a federal petition for a writ of habeas corpus. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitations runs from the latest of the following four dates:

4

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

  Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review" – when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Petitioner did not appeal his convictions, and the deadline for doing so was January 13, 2007, one year after the judgment of sentence was entered in his case. M.C.R. 7.205(G)(3).[1] Thus, his convictions became final on January 13, 2007, when the time for pursuing direct review in state court expired. *Gonzalez*, 132 S. Ct. at 653-54. The statute of limitations began to run on the following day, *Miller v.*

---

[1] In 2006, when Petitioner was sentenced, Michigan Court Rule 7.205 required a late appeal to be filed within one year of the entry of a final judgment or order. The rule was amended in June of 2011 to reduce the late-appeal period from twelve months to six months. *See* Staff Comment to June 2011 Amendment to Michigan Court Rule 7.205.

*Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it expired 365 days later on January 13, 2008.

Petitioner filed a motion for relief from judgment in state court on October 25, 2011, but the limitations period had already run by then, and the motion did not re-set the limitations clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259. The Petition, therefore, is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

**B.     Equitable Tolling**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*,

7

544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland*'s two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner has not demonstrated diligence in pursuing his rights. He failed to raise his claims in a timely appeal from his convictions. And after his convictions became final, he waited four years and nine months to raise his claims in a motion for relief from judgment in state court. He nevertheless seeks to have the Court equitably toll the limitations period on grounds that he has been diagnosed with a mental disorder, that he does not comprehend the English language,[2] and that he lacks a working knowledge of the judicial system. Petitioner maintains that, due to his mental disorder, his failure to understand the English language, and his lack of knowledge, he did not understand filing deadlines, and because he is no longer represented by counsel, he did not know what step to take next or how to calculate the filing deadline.

"[A] petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). But

> [t]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a

---

[2] The Petition indicates that Petitioner and his family moved from Laos to the United States when Petitioner was nine years old and that the family spoke only their native tongue.

8

> petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Id*.

Petitioner has not identified his mental disorder, nor submitted any documentation demonstrating that he has a mental disorder or is mentally incompetent. The mere fact that he may have been diagnosed with a mental disorder is not tantamount to a showing that he was mentally incompetent – and thus unable to pursue relief – after he was sentenced or after his convictions became final. Simply put, Petitioner has not made the showing required to equitably toll the statute of limitations based upon mental incompetence. Moreover, the fact that Petitioner was able to file the Petition and Motion for Equitable Tolling suggests that, at this time, he *is* sufficiently competent to assert his right in legal proceedings, and Petitioner has not provided any evidence that his mental condition has only recently improved. Thus, there is reason to believe that Petitioner has always been sufficiently competent to seek habeas relief and that Petitioner's mental condition did not prevent him from timely filing the Petition.

Petitioner's other grounds for seeking equitable tolling also fail. Petitioner has not shown a sufficient lack of proficiency in understanding the English language to

justify equitable tolling. As the Sixth Circuit explained in *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002),

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

Moreover, an inmate's "illiteracy does not give a court reason to toll the statute of limitations." *Id*.

Here, Petitioner has failed to establish a lack of proficiency in English. His affidavit makes only a conclusory assertion that he suffers from a "lack of comprehension of English" and provides no details concerning his level of comprehension. Moreover, the trial record belies Petitioner's claim that his English comprehension is so deficient that he could not timely file the Petition. During his plea colloquy and sentencing, Petitioner appeared generally able to follow the judge's questions and to provide sensible answers.[3] In fact, during the plea colloquy, he

---

[3] The following colloquy between Petitioner and the trial court at Petitioner's sentencing – especially Petitioner's final remarks below – illustrates that he understood what the trial court was saying and that he was able to communicate a reasonable response:

> THE COURT: What do you want to say?
>
> MR. NASOULUCK: I don't have a job.

10

THE COURT: Say what?

MR. NASOULUCK: I don't have a job at the time and my family was doing bad.

THE COURT: Yeah? There's a lot of people out there that don't have jobs and they're doing bad, but they don't go out and rob.

MR. NASOULUCK: I don't want to rob nobody. It's different between my family and other families because we don't know nothing about assistance - - -

THE COURT: It's very simple. You don't take other people's things. It's real simple. That's what life is about, at least here in the United States that's what it's about.

MR. NASOULUCK: In my heart, I don't.

THE COURT: Well, you did.

MR. NASOULUCK It just - - -

THE COURT: And you know what? You did it more than once. Six prior felonies. You have not learned a thing.

MR. NASOULUCK: I came - - - I tried to do what - - - what was right. I - - -

I tried to get my GED. I - - - I tried that, but have no proof because I was released on supervision. They took my green cards and everything else. I tried, you know. I tried to get a job. Seventeen applications to over five temp services. Waited and waited. I tried to do what was right. It came to a point, you know, and how my family's doing bad. And - - - all I need is a job, I wouldn't be in this mess, you know. Not a high-paid job, but just a job is what I need.

11

specifically told the judge that he understood what she was saying.[4] And when Petitioner entered his plea, Petitioner's counsel stated on the record that he had been able to review the sentencing guidelines with Petitioner. All of this suggests that Petitioner understood enough English to timely file the Petition; he has failed to make a sufficient showing to the contrary.

Petitioner claims next that he lacked knowledge of the judicial system, and he argues that his lack of knowledge precluded him from timely filing the Petition. Petitioner stresses that he barely passed the sixth grade in school. (*See* Petitioner's Br., ECF #1 at 18, Pg. ID 18.) However, "an inmate's lack of legal training, his poor education, [and] even his illiteracy [do] not give a court reason to toll the statute of limitations." *Cobas*, 306 F.3d at 444. And even though Petitioner contends that he is no longer represented by counsel, his *pro se* status is not sufficient to excuse his late filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

For all of these reasons, the Court rejects Petitioner's argument that he is entitled to equitable tolling of the statute of limitations.

## **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that Petitioner's Motion for Equitable Tolling (ECF #2) is **DENIED**.

---

(Sentencing Tr., ECF #13-2 at 7-8, Pg. ID 108-09.)

[4] The plea transcript is not part of the record before this Court. Petitioner purports to quote from that transcript in the Petition. (*See* ECF #1 at 21, Pg. ID 21.)

12

**IT IS FURTHER ORDERED** that the Petition (ECF #1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petition clearly is time-barred and reasonable jurists would not find the Court's procedural ruling debatable.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal should he decide to appeal this decision, because he was granted leave to proceed *in forma pauperis* in this Court, (*see* ECF #6), and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

13